UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REVELATION YOGURT, LLC,

   Plaintiff,

v.

KLINE LAW GROUP, P.C. et al.,

   Defendants.

Case No. 20-11195
Honorable Laurie J. Michelson

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [23]

Revelation Yogurt, LLC sued Kline Law Group and the firm's principal, Scott Kline (collectively, "Kline"), for improperly releasing Revelation's funds that were being held in an escrow account Kline managed. Revelation sued Kline for breach of contract and various tort claims. Kline filed a motion to dismiss in response, and this Court dismissed the case for lack of personal jurisdiction.

A few months after the case was dismissed, Kline filed a motion for attorneys' fees, accusing Revelation's counsel of vexatiously and in bad faith filing this lawsuit. Because the Court finds that Revelation's counsel's conduct did not rise to the level warranting attorneys' fees under 28 U.S.C. § 1927, the motion is DENIED.

I.

In 2016, Revelation and Reis & Irvy's, Inc. entered into a franchise agreement that involved the purchase of robotic frozen-yogurt kiosks. (ECF No. 11, PageID.138.) The parties agreed to manage payment through an escrow agreement and selected

Kline as the escrow agent. (*Id.* at PageID.139.) The escrow agreement contained certain conditions that needed to be met before Kline could release Revelation's funds. (*Id.* at PageID.141.)

In May 2020, Revelation sued Kline for violating the escrow agreement because, says Revelation, Kline did not comply with the conditions of release. (*Id.*) After Kline filed a motion to dismiss (ECF No. 6), Revelation amended its complaint (ECF No. 11). Kline then filed another motion to dismiss the amended complaint. (ECF No. 14.) The Court dismissed the case for lack of personal jurisdiction. (ECF No. 21, PageID.348–349.)

While this case does not involve any statutory claims that provide for an award of attorney fees, Kline now moves for fees under 28 U.S.C. § 1927. (ECF No. 23.) Given the clear briefing and record, the Court considers the motion without further argument. *See* E.D. Mich. LR 7.1(f).

## II.

An attorney who practices in federal court "who so multiplied the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In the Sixth Circuit, attorneys' fees under § 1927 "should generally be reserved for only truly egregious cases of misconduct." *Saenz v. Kohl's Dep't Stores, Inc.*, 834 F. App'x 153, 160 (6th Cir. 2020). A judge may impose sanctions "when a lawyer objectively falls short of the obligations owed by a member of the bar of the court." *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 968

2

(6th Cir. 2018). The Sixth Circuit has emphasized that "[t]he purpose of § 1927 is to deter dilatory litigation practices and punish aggressive tactics that far exceed zealous advocacy." *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31 (6th Cir. 2012) (quoting *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 644 (6th Cir. 2009)).

Bad faith is not required to sanction an attorney under § 1927. *Kidis v. Reid*, 976 F.3d 708, 723 (6th Cir. 2020). "While subjective bad faith is not required, the attorney in question must at least knowingly disregard the risk of abusing the judicial system, and not be merely negligent." *Id.*

Counsel for Revelation did not behave in a way that merits awarding attorneys' fees under § 1927. After filing the complaint, Revelation amended it in response to Kline's motion to dismiss as permitted by the Federal Rules of Civil Procedure. (*See* ECF Nos. 6, 11.) Then Kline moved to dismiss the amended complaint (ECF No. 14), which this Court granted on personal jurisdiction grounds (ECF No. 21, PageID.341). Revelation did not file a motion for reconsideration or further pursue this case after it was dismissed. And Revelation's claims that its funds were not properly distributed were also not plainly meritless. So Revelation's counsel's actions in this case do not rise to the level required by § 1927 as they were neither vexatious nor dilatory. *See* 28 U.S.C. § 1927; *Gibson*, 489 F. App'x at 31. Revelation stopped pursuing its claims when this Court dismissed the case, which is far from "egregious" conduct. *See Kidis*, 976 F.3d at 723 (affirming lower court's denial of attorneys' fees when conduct in question was not "egregious," such as pursuing a case "long after it should have

3

become clear that the claims lacked any plausible factual basis" (internal citations omitted)).

Indeed, counsel's conduct here stands in stark contrast to cases where § 1927 attorneys' fees were awarded. *Darnell v. Arthur*, 782 F. App'x 413, 418 (6th Cir. 2019) (granting sanctions where the lower court found that plaintiff and her counsel pursued "patently meritless" claims and then "doubled down on appeal" despite warning by the lower court that it would award § 1927 sanctions if counsel continued with the case); *see also Carter*, 905 F.3d at 969 (affirming award of § 1927 sanctions when counsel initiated a lawsuit 200 days late and maintained suit through summary judgment, despite being informed of statute of limitations problems before summary judgment). So there is nothing indicating that Revelation acted in a manner that would meet the standard to award attorneys' fees.

Resisting this conclusion, Kline argues that Revelation should have never brought the case in the first place. (ECF No. 23, PageID.258.) Kline says that the claims against it had already been settled and released pursuant to an agreement between Revelation and Reis & Irvy's. (*See* ECF No. 25-3.) Kline also argues that Revelation acted improperly when it did not reveal it had filed a claim in Reis & Irvy's' bankruptcy proceedings for the settlement amount. (ECF No. 23, PageID.358.) Revelation, on the other hand, argues that it brought this suit to recover the amount that was unsatisfied by the agreement or unpaid by Reis & Irvy's. (ECF No. 25, PageID.391.)

4

The Court agrees with Revelation that the existence of an agreement settling claims between Revelation and Reis & Irvy's does not render Revelation's claims against Kline patently meritless. If Kline were liable, then it could argue that the damages it owes should be offset by the settlement amount. But it is difficult to see why Revelation's counsel should be sanctioned under § 1927 for pursuing an amount that Revelation believed was still owed from Kline.

It is also not clear from the agreement between Revelation and Reis & Irvy's that it settles and releases claims between Revelation and Kline. Kline was not a party to that agreement, and the agreement does not mention releasing escrow agents or claims related to the escrow agreement. (*See* ECF No. 25-3, PageID.406.) So perhaps Revelation's claims against Kline could still survive despite the settlement agreement, and thus Revelation did not unreasonably multiply litigation under § 1927.

And even if Revelation is wrong, and it could not file a lawsuit against Kline because it entered into a settlement agreement with Reis & Irvy's, it did not act vexatiously. *See Kidis*, 976 F.3d at 723 (affirming denial of sanctions under § 1927 where plaintiff was unsuccessful in its claims, but the basis for the claims were plausible). There is no evidence of harassing conduct or intentionally prolonging litigation such that Kline incurred excess fees. There is also no evidence that Revelation's counsel knew or should have known that it was bringing a meritless action because whether it was meritless remains disputed. The Court dismissed the case before either party was forced to invest significant resources into the merits of

5

the claims. Kline provides no other argument in support of awarding fees other than that the lawsuit was frivolous because of the settlement agreement and Revelation's subsequent claim for the settlement amount in Reis & Irvy's' bankruptcy proceedings. And the Court found no other evidence that Revelation's counsel acted inappropriately. Thus, the Court will not award attorneys' fees to Kline under § 1927. The motion is denied.

    SO ORDERED.

    Dated: November 2, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
